PER CURIAM.
This appeal arises from a final judgment entered in a dissolution of marriage proceeding. The wife, mother, appellant here, was awarded custody of the minor children, child support of $300 per month, a 1972 automobile registered in the name of the appellee (husband) and various other items. In the final judgment the trial judge awarded to the wife (appellant here) “as child support” exclusive use of the marital home for a period of five years. The final judgment specifically provides that after five years either party may seek partition of said property. Appellant now urges that the trial judge abused his discretion in limiting the exclusive use of the marital home to appellant “as child support” for only five years. We do not so find from the record. The monetary child support will continue. Indeed, under the circumstances of this particular case we cannot say that it would have been an abuse of discretion had the trial judge not made any provision at all incident to the marital home. Further, the law is well settled that the doors of the court are always open to consider the needs of minor children and should the circumstances then be such as to justify a modification of the final judgment as to child support there is nothing to prevent the appellant from seeking such at the end of the five year period should the home then still be needed for the minor children and should the appellee then seek partition. While it may well be that had we been sitting as the trial judge we would have made different provisions, we are not now permitted, as an appellate court, to substitute our judgment for that of the trial judge.
Appellant has asked for attorney’s fees incident to this appeal. That request is denied.
The final judgment appealed is
Affirmed.
RAWLS, C. J., and BOYER, J., concurring.
McCORD, J., concurring specially.